IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BOBBY ARSHAD, Individually, and as an officer, director, shareholder, and/or principal of ROYA, INC. d/b/a CHILLIN OUT, <br><br> and <br><br> LARRY EDWARDS, Individually, and as an officer, director, shareholder, and/or principal of ROYA, INC. d/b/a CHILLIN OUT, <br><br> and <br><br> ROYA, INC. d/b/a CHILLIN OUT, <br><br> Defendants. | **CASE NO.** <br> 6:13-CV-1794-ORL-28-KRS |

## **COMPLAINT**

Plaintiff, Joe Hand Promotions, Inc., by and through its attorneys, as and for its Complaint against the Defendants, Bobby Arshad, Larry Edwards, and Roya, Inc. d/b/a Chillin Out, allege as follows:

1

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question), as this civil action is brought pursuant to 47 U.S.C. §553 and 605.

2. This court has personal jurisdiction over the parties to this action as a result of Defendants' wrongful acts, complained of herein, which violated Plaintiff's rights as the exclusive domestic commercial distributor of the transmission signal of the fight Program as hereinafter set forth in length. Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition and tortuous conversation of Plaintiff's property, while said property was in the Plaintiff's control in the State of Florida.

3. Upon information and belief, venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S. C. §1391(b) because, inter alia, all Defendants reside within the State of Florida and/or a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

4. The Plaintiff, Joe Hand Promotions, Inc. is a Pennsylvania corporation with its principal place of business located at 407 East Pennsylvania Boulevard, Feasterville, Pennsylvania 19053.

5. Upon information and belief, Defendant, BOBBY ARSHAD, resides in the State of Florida.

6. Upon information and belief, Defendant, LARRY EDWARDS, resides in the State of Florida.

7. Upon information and belief, Defendants, BOBBY ARSHAD and LARRY EDWARDS, are officers, directors, shareholders and/or principals of ROYA INC., d/b/a CHILLIN OUT.

8. Upon information and belief, Defendants, BOBBY ARSHAD and LARRY EDWARDS, were the individuals with supervisory capacity and control over the activities occurring within the establishment on February 5, 2011.

9. Upon information and belief, Defendants, BOBBY ARSHAD and LARRY EDWARDS, received a financial benefit from the operations of ROYA, INC. d/b/a CHILLIN OUT, on February 5, 2011.

10. Upon information and belief, Defendants, ROYA, INC. d/b/a CHILLIN OUT, is a business entity, the exact nature of which is unknown, having its principal place of business at 2986 Oceanshore Boulevard, Ormond Beach, Florida 32176.

11. Upon information and belief, Defendants, ROYA, INC. d/b/a CHILLIN OUT is a Domestic Corporation, incorporated and licensed to do business in the State of Florida.

12. Upon information and belief, Defendants, ROYA, INC. d/b/a CHILLIN OUT, is a partnership licensed to do business in the State of Florida.

13. Upon information and belief, Defendants, ROYA, INC. d/b/a CHILLIN OUT, is a sole proprietorship licensed to do business in the State of Florida.

## COUNT I

## VIOLATION OF TITLE 47 U.S.C. §605

14. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "13", inclusive, as though set forth herein at length.

15. By contract, Plaintiff was granted the right to distribute the UFC 126: Silva v. Belfort Broadcast, including all undercard bouts and the entire television broadcast, scheduled for February 5, 2011, (hereinafter referred to as the "Broadcast"), via closed circuit television and via encrypted satellite signal. The Broadcast originated via satellite uplink, and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

16. Pursuant to the contract, Plaintiff entered into subsequent agreements with various entities of the State of Florida, allowing them to publicly exhibit the Broadcast to their patrons.

17. In consideration of the aforementioned agreements, Plaintiff expended substantial monies to transmit the Broadcast to those entities in the State of Florida.

18. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, Defendants and/or their agents, servants, workmen and/or employees unlawfully intercepted, received and/or de-scrambled said satellite signal, and did exhibit the Broadcast at the above-captioned address and/or addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

19. Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal methods of accessing the Broadcast, including, (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment; (2) commercial establishments misusing cable or satellite by registering same as a resident when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence into a business. In addition, emerging

technologies, such as broadband or internet broadcast, as well as "slingbox" technology (which allows a consumer to literally sling the Broadcast from his personal home cable or satellite systems into his computer), can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world. Each of these methods would allow Defendants to access the Broadcast unlawfully. Prior to Discovery, Plaintiff is unable to determine the manner in which Defendants obtained the Broadcast. However, it is logical to conclude that Defendants used an illegal satellite receiver, misrepresented its business establishment as a residence, or removed an authorized residential receiver from one location to a different commercial location to intercept Plaintiff's Broadcast.

20. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission herein, to which Plaintiff held the distribution rights.

21. By reason of the aforementioned conduct, Defendants herein willfully violated 47 U.S.C. §605 (a).

22. By reason of Defendants' violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

23. As a result of Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C.

§605 (e) (3) (C) (i) (II) and (ii), of up to the maximum amount of $110,000.00 as to each Defendant herein.

24. Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

25. Plaintiff hereby incorporates paragraphs "1" through "24", inclusive, as though fully set forth herein at length.

26. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, Defendants and/or its agents, servants, workmen and or employees did exhibit the Broadcast at the above-captioned address or addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

27. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system, such as the transmission herein, to which Plaintiff had the distribution rights.

28. Upon information and belief, Defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

29. By reason of the aforementioned conduct, Defendants herein willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

30. As a result of Defendants' violation of 47 U.S.C. §553, Plaintiff is entitled to damages in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

31. Without further Discovery from and/or admission by Defendants, Plaintiff cannot determine if Defendants intercepted Plaintiff's signal via a cable system, in violation of 47 U.S.C. §553, or via a satellite transmission, in violation of 47 U.S.C. §605. As such, Plaintiff is alleging two (2) counts in its Complaint. Plaintiff recognizes that Defendants can be liable for only (1) of these statutes.

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against each Defendant herein, granting to Plaintiff the following:

(a) A finding that each Defendant's unauthorized exhibition of the February 5, 2011 UFC 126: Silva v. Belfort Broadcast violated the Federal Communications Act and that such violations were committed willfully and for purposes of each Defendant's direct or indirect commercial advantage or for private financial gain; and

(b) On the first cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00 as to each Defendant for its willful violation of 47 U.S.C. §605 (a).

(c) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to each Defendant for its violation of 47 U.S.C. §553; and

(d) Attorney's fees, interest, and costs of suit as to each Defendant pursuant to 47 U.S.C. §605 (e) (3) (B) (iii) or §553 (c) (2) (C), together with such other and further relief as this Court may deem just and proper.

## COUNT III

## CONVERSION

32. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-31, inclusive, as though set forth herein at length.

33. By its acts as aforesaid in intercepting, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned Defendants, tortuously obtained possession of the Program and wrongfully converted it to its own use and benefit.

34. The aforesaid acts of the Defendants were willful, malicious, and intentionally designed to harm Plaintiff Joe Hand Promotions, Inc., and to subject said Plaintiff to economic distress.

35. Accordingly, Plaintiff Joe Hand Promotions, Inc. is entitled to both compensatory, as well as punitive damages, from the aforementioned Defendants as the result of the Defendants' egregious conduct and conversion.

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against each Defendant herein, granting to Plaintiff the following:

(a) A finding that each Defendants' unauthorized exhibition of the February 5, 2011, UFC 126: Silva v. Belfort Broadcast violated the Federal Communications Act and that such violations were committed willfully and for purposes of each Defendant's direct or indirect commercial advantage or for private financial gain; and

(b) On the first cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00 as to each Defendant for its willful violation of 47 U.S.C. §605 (a); and

(c) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to each Defendant for its violation of 47 U.S.C. §553; and

(d) On the third cause of action, compensatory damages in an amount according to proof against Defendants; and

(e) Attorney's fees, interest, costs of suit as to each Defendant pursuant to statute(s) including 47 U.S.C. §605 (e) (3) (B) (iii) or §553 (c) (2) (C), together with such other and further relief as this Court may deem just and proper.

Dated: November 12, 2013

/s/ William L. Yanger
William L. Yanger
Yanger Law Group, P.A.
217 N. Lois Ave.
Tampa, Fl. 33609
P: 813.286.7025
F: 813.288.2039
E: bill.yanger@yangerlaw.com
Florida Bar # 801615

Attorney for the Plaintiff